UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
JUN 28 2011
BROOKLYN OFFICE

---

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE REGISTERED
HOLDERS OF J.P. MORGAN CHASE
COMMERCIAL MORTGAGE SECURITIES
TRUST 2007-LDP11 COMMERCIAL
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-LDP11,
acting by and through its Special Servicer
CWCapital Asset Management LLC,

                Plaintiff,

        v.

ISRAEL PERLMUTTER and MENACHEM
STARK,

                Defendants.

Civil Action No.

**CV 11 - 3086**

**COMPLAINT**

ROSS, J.

GO, M.J.

---

        Plaintiff U.S. Bank National Association (the "Trustee"), as Trustee for the Registered

Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-LDP11 Commercial

Mortgage Pass-Through Certificates, Series 2007-LDP11 (the "Trust"), acting by and through its

Special Servicer CWCapital Asset Management LLC ("CWCAM"), by and through its attorneys,

McCarter & English, LLP, by way of Complaint against Defendants Israel Perlmutter and

Menachem Stark, states:

## THE PARTIES

      1.     The Trustee is a national banking association with its main offices located in

Cincinnati, Ohio, and is a citizen of the State of Ohio by virtue of 28 U.S.C. §1348.

      2.     The Plaintiff Trustee acts by and through CWCAM, its Special Servicer.

      3.     Defendant Israel Perlmutter is an individual with an address of 199 Hooper Street,

1st Floor, Brooklyn, NY 11211, and is a citizen of the State of New York.

ME1 11897771V.1

USCA2 5

4.      Defendant Menachem Stark (together with Defendant Israel Perlmutter, the "Guarantors"), is an individual with an address of 259 Rutledge Street, Brooklyn, NY 11211, and is a citizen of the State of New York.

## JURISDICTION AND VENUE

5.      Pursuant to 28 U.S.C. §1332, this Court has subject matter jurisdiction, as the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## FIRST CAUSE OF ACTION
(Action on a Guaranty)

1.      South Side House LLC (the "Borrower"), executed in favor of UBS Real Estate Securities Inc. ("UBS") a Consolidated, Amended and Restated Promissory Note dated April 19, 2007 (the "Note"), in the consolidated and restated principal amount of $29,000,000 (the "Loan"). A true and correct copy of the Note, with endorsements thereto, is attached hereto as Exhibit A and is incorporated herein by reference.

2.      In connection with the Loan, the Guarantors executed in favor of UBS an Indemnity Agreement dated April 19, 2007 (the "Indemnity Agreement"; together with the Note and all related documents, the "Loan Documents"), whereby the Guarantors absolutely and unconditionally guaranteed, among other things, the prompt and full payment of all sums due under the Loan Documents in the event the Borrower filed a voluntary petition for relief under the Bankruptcy Code.   A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit B and is incorporated herein by reference.

3.      UBS assigned the Loan Documents to LaSalle Bank National Association

2

("LaSalle Bank"), as trustee for the Trust, by execution of, among other things, (a) an Allonge endorsement of the Note, a true and correct copy of which is annexed to <u>Exhibit A</u> hereto, and (b) an Omnibus Assignment, a true and correct copy of which is attached hereto as <u>Exhibit C</u>.

  4.  LaSalle Bank merged with and into Bank of America, National Association ("BofA"), and therefore, by operation of law, BofA became the holder of the Loan Documents as trustee for the Trust.

  5.  The Trustee succeeded BofA as Trustee for the Trust.  Accordingly, BofA executed in favor of the Trustee, as Trustee for the Trust, among other things, (a) an Allonge to Consolidated, Amended and Restated Promissory Note endorsing the Note in favor of the Trustee, a true and correct copy of which is annexed to <u>Exhibit A</u> hereto, and (b) an Assignment Agreement (General), a true and correct copy of which is attached hereto as <u>Exhibit D</u>.  A true and correct copy of the Power of Attorney pursuant to which the foregoing assignments were executed is attached hereto as <u>Exhibit E</u>.

  6.  The Trustee, as Trustee for the Trust, is the present holder of the Loan Documents.

  7.  The Borrower filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in April, 2009 (the "Bankruptcy Petition").

  8.  No relief is sought against the Borrower in this action.

  9.  By virtue of the filing of the Bankruptcy Petition, the Guarantors are liable to the Trustee for all sums due under the Loan Documents.

  10.  The Guarantors are in default under the Guranty due to their failure to pay all sums due under the Loan Documents.

  11.  The sums outstanding under the Loan Documents include, among others,

ME1 11897771V.1

principal in the amount of $29,000,000, interest, default interest, a prepayment consideration, attorneys' fees and costs, and additional fees and charges provided for under the Loan Documents.

**WHEREFORE**, Plaintiff U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-LDP11 Commercial Mortgage Pass-Through Certificates, Series 2007-LDP11, acting by and through its Special Servicer CWCapital Asset Management LLC, demands Judgment against Defendants Israel Perlmutter and Menachem Stark, jointly and severally, for all sums due under the Loan Documents in accordance with their obligations under the Indemnity Agreement, together with prejudgment interest and costs of suit, including recovery of reasonable attorneys' fees.

### SECOND CAUSE OF ACTION
(Breach of Contract)

1. The Trustee repeats and realleges the allegations contained in the First Cause of Action of this Complaint as if set forth more fully herein.

2. The Note and Indemnity Agreement constitute valid, binding contracts between the parties pursuant to which, among other things, the Trustee, or its predecessor in interest under the Loan Documents, agreed to lend money or otherwise extend financial accommodations to the Borrower in exchange for repayment of the Loan in accordance with the terms of the Loan Documents.

3. The Trustee, or its predecessor in interest under the Loan Documents, extended funds to the Borrower in accordance with the terms of the Loan Documents.

4. By virtue of the Bankruptcy Petition, the Guarantors are liable for all sums due under the Loan Documents.

5. The Guarantors' failure to pay all sums due under the Loan Documents in

4

accordance with their obligations under the Indemnity Agreement constitutes a material breach of the Indemnity Agreement.

6.    The Trustee has been damaged by virtue of the Guarantors' breach.

**WHEREFORE,** Plaintiff U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-LDP11 Commercial Mortgage Pass-Through Certificates, Series 2007-LDP11, acting by and through its Special Servicer CWCapital Asset Management LLC, demands Judgment against Defendants Israel Perlmutter and Menachem Stark, jointly and severally, for compensatory damages, together with prejudgment interest and costs of suit, including recovery of reasonable attorneys' fees.

McCarter & English, LLP

Dated: June 27, 2011

By: _____
      Joseph Lubertazzi, Jr.
245 Park Avenue, 27th Floor
New York, NY 10167
Phone: (212) 609-6800
Fax: (212) 609-6921
-and-
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Phone: (973) 622-4444
Fax: (973) 624-7070
*Attorneys for Plaintiff*

5

USCA2 9